<hr/>

No. 4837.

CHÉRI VERNEUIL vs. W. P. HARPER, SHERIFF, AND C. FEITEL.

The main question in this instance is the one of *res judicata*.

In the case of Feitel vs. Verneuil it was decided, not only that the judgment should be revived, but that C. Verneuil, upon whom citation was served in the revival proceedings and who is the plaintiff in the present case, was the identical person against whom judgment was rendered. This question was litigated at the instance of Verneuil himself. It was solemnly decided against his pretensions, and he took no appeal. With what color of reason then can he present himself to the same court a few weeks later and ask that precisely the same question should be again litigated between the same parties through an application for an injunction against a writ of seizure issued against him ? This court is bound to assume that the first decision was right. *Res judicata pro veritate accipitur*.

APPEAL from the Sixth District Court, parish of Orleans. *Saucier*, J. *Dalton & Walker*, for plaintiff and appellant. *Thomas J. Cooley*, for defendant and appellee.

LEONARD, J. On the twenty-seventh day of August, 1863, Charles Feitel brought suit in the Sixth District Court for the parish of Orleans against one Verneuil, whose Christian name was unknown to petitioner, but whom he described to be the captain of the schooner Mary Agnes.

On the second day of September following, citation was served, as the sheriff states in his return, "upon Captain Verneuil in person," and on the twenty-third day of November, 1863, judgment by default was made final against "Captain C. Verneuil" for the sum of $531 77. On the first day of October, 1872, Feitel instituted proceedings to revive his judgment, and caused citation to be issued to the defendant, which was served on "Mr. C. Verneuil in person." In obedience to this citation appeared Chéri Verneuil, who alleged, by way of exception, and subsequently in his answer, that he was not *the* Verneuil against whom judgment was rendered in 1863; that he had never been cited in the original suit, and that he was not, and never had been, the captain of the schooner Mary Agnes. A considerable amount of testimony was taken bearing upon this question of identity. Defendant's exception was overruled, and the court finally rendered judgment in favor of the plaintiff, Feitel, decreeing that the judgment previously rendered in his favor be revived against C. Verneuil, and that said Verneuil pay the costs of the proceedings. From this judgment no appeal was taken.

On the thirtieth day of June, 1873, Feitel caused a writ of *fieri facias* to be issued upon his judgment, under which the sheriff seized two lots of ground in the Sixth District of the city of New Orleans, the property of Chéri Verneuil. The present suit was thereupon brought by Chéri Verneuil against Feitel and the sheriff, to restrain them from selling this property.

The judge *a quo* ordered the defendants to show cause why an injunction should not issue, and in the mean time caused the proceedings under the *fieri facias* to be stayed. The petition for an injunction contains substantially the same allegations as those set forth in the exception and answer of Chéri Verneuil, filed in the proceedings for revival, namely, that he was not the party against whom the judgment was rendered in the suit of Feitel vs. Verneuil, and that he has no interest in said suit, except to procure the release of his property. To this action Feitel filed the plea of *res judicata*, alleging that the matters contained in plaintiff's petition had already been adjudged in respondent's favor in the suit of Feitel vs. Verneuil. The judge *a quo* maintained the exception, and ordered the preliminary injunction to be dissolved. From this judgment the plaintiff, Chéri Verneuil, has taken a suspensive appeal.

On the trial of the plea of *res judicata* in the court below the defendant, Feitel, offered in support of his plea the entire record in the suit of Feitel vs. Verneuil. The plaintiff objected to this evidence, on the ground that, according to rule xxii. of the rules of the district courts for the parish of Orleans, it is provided that, upon the trial of the rule *nisi* for an injunction, the defendant is permitted to file affidavits to contradict the sworn allegations of the petition, and that "no other evidence shall

·be heard." The judge *a quo* overruled the objection, and ordered the record to be admitted, and the plaintiff took his bill of exceptions.

We do not think·that the rule in question has any application to a case of this kind. The defendant does not seek to contradict the sworn allegations of plaintiff's petition. He merely excepts that, admitting those allegations to be true, they have once been finally passed upon, and offers the only proper evidence, namely, the record, in support of his declaration. In our opinion, the judge *a quo* was clearly right in overruling the objection.

As regards the question of *res judicata*, it is true, as plaintiff's counsel alleges, that the authority of the thing adjudged takes place only with respect to that which was the object of the judgment. In the present case it is contended that the decision of the court was that the judgment in the suit of Feitel vs. Verneuil be revived against C. Verneuil, and that the result would have been precisely the same by default, if Chéri Verneuil had made no appearance whatever in the suit to revive the judgment against his namesake. But is it true that the judgment of revival was the only one that was rendered in the course of the proceedings? That it was the final judgment can not be disputed, but interlocutory decisions may have the effect of *res judicata* as well as the final decree. An issue may be made up and litigated by way of exception as well as by an answer. The exceptor becomes, for the time being, the plaintiff. If he makes out his case, its benefits are secured to him; if he fails, he is bound by the decision of· the court, and can not set up the identical claim against the same party in a subsequent litigation. An illustration of this rule is given by Merlin. If a party who has been condemned to pay a certain sum of money should afterward discover a receipt that he had once paid this identical debt, he could recover back the amount paid, even after having satisfied the judgment *condictione incubiti*, because good faith would not permit the creditor to exact the same debt twice. But this claim of payment could not be listened to after a final judgment, in case the plea of payment had been made and overruled. In that event the party condemned could not even set up a receipt which he had found after the judgment, because it would have been. decided not merely that he was debtor, but that he had not paid. *Nouveau Répertoire, tome* xii. *section* 1 ¿ 2.

In the present case it was decided not merely that the judgment in the case of Feitel vs. Verneuil should be revived, but that C. Verneuil, upon whom citation was served in the revival proceedings, and who is the plaintiff in the present suit, was the identical person against whom judgment was rendered at the suit of Feitel in 1863. This question was litigated at the instance of Verneuil himself; it was solemnly decided against his pretensions, and he took no appeal. With what show of reason, then,

could he present himself to the same court a few weeks later, and ask that precisely the same question should be again litigated between the same parties through an application for an injunction? We are bound to assume that the first decision was right. The presumption in such cases is in favor of the probity of the witnesses and the intelligence of the judge. *Res judicata pro veritate accipitur.*

It is therefore ordered, adjudged, and decreed that the judgment of the district court be affirmed with costs.