## GAAR v. PRUDHOMME et al.

### No. 5675.

Court of Appeal of Louisiana. Second Circuit.

April 1, 1938.

Rehearing Denied April 29, 1938.

Arthur C. Watson, of Natchitoches, for appellants.

C. B. McClung, of Natchitoches, for appellee.

TALIAFERRO, Judge.

Plaintiff leased from P. Lestan Prudhomme, acting for himself and as agent of his coowners, hereinafter referred to as defendants, a residence in the city of Natchitoches, Louisiana. Occupancy of the property under the lease began on July 1, 1937. The contract was oral. The rent price was fixed at $20.00 per month. Defendants, acting upon their understanding of the terms of the lease, on or about November 10th, gave plaintiff notice to vacate the property by December 1st. They contend that the property was leased by the month only and therefore take the position that the lease could be terminated by them at any time, upon the giving of timely notice to vacate.

After receiving said notice from defendants, plaintiff instituted the present suit against them wherein he alleges that the lease contract was for one year, beginning July 1, 1937, the rent thereunder being payable by the month, and that he had complied with all the terms of the contract, in-

cluding the payment of all rent due thereunder, and was unable to understand why defendants desired to dispossess him. Under allegations of the necessity therefor, with appropriate prayer, a temporary restraining order issued enjoining and restraining defendants from further disturbing plaintiff in his occupancy and possession of the leased property, and a rule was also issued requiring defendants to show cause why a preliminary injunction should not be granted, after hearing. He sues for $500.00 damages caused by defendants' actions in annoying and harassing him in his peaceful possession of the property, and for $100.00 attorney's fee incurred in procuring the issuance of said injunctive orders, etc.

In limine, defendants tendered and urged an exception of no cause and no right of action against the petition. This was overruled. It is urged here. In their answer, they aver that the lease was to run from month to month without any definite term for its existence, beyond this and under which either side had the right to terminate it at the expiration of any month. They aver that plaintiff has not complied with his obligations as lessee in that $7.50 only of the rent for the month of November and no part of that for December, has been paid; that default in paying said rent is an active violation of the contract of lease and affords defendants a legal right to sue for its dissolution. Asserting their right to resort to summary (ejectment) proceedings to dispossess plaintiff, they sued out a rule on him to show cause why he should not be condemned to vacate the leased premises on the two grounds, viz: (1) that the lease had been terminated by them; and (2) for non-payment of the rent. Defendants also sue for the balance of rent due for November and for $50.00 attorney's fee incurred in defending the injunction suit of plaintiff.

After trial of the rule nisi, sued out by plaintiff, a preliminary injunction was ordered to issue. A trial on the merits resulted in the rejection of defendants' reconventional demand and the making permanent of the preliminary injunction previously issued which enjoined defendants "from disturbing plaintiff in his possession of the house and lot leased by him from defendants". Plaintiff's money demands were rejected. Defendants have appealed.

We entertain serious doubt of the petition's efficacy to disclose a right or

cause of action, but, in view of our conclusions on other issues of the case, we deem it unnecessary to pass definitely upon the exception. We are of the opinion that the evidence sustains both of defendants' contentions. It is only necessary, however, to the granting of the relief sought by them, to find and hold, as we do, that the contract of lease had been breached by Gaar, the lessee, by the non-payment of part of the November rent and all of that due for December.

On November 6th, Gaar sent to P. Lestan Prudhomme two drafts in the amounts of $7.50 and $12.50, respectively, to pay the rent for November. The draft for $7.50 was paid. The other draft was drawn on L. M. O'Quinn, at Calhoun, Louisiana, by Gaar and was payable through the West Monroe Bank & Trust Company which, however, had closed its doors twelve months prior. There is no bank in Calhoun. The draft was not paid. Gaar testified that he thought it had been paid as Prudhomme had not advised him of its dishonor. Prudhomme testified that he did inform Gaar of the non-payment of the draft. This would have been a most natural course to take, and we are constrained to believe Prudhomme did as he testified.

The reconventional demand and answer to the main suit were filed on December 4th. The rule therein sued out was fixed for trial on December 8th. Over the protests of plaintiffs in reconvention, it was continued and refixed for trial on December 14th and, on account of the alleged illness of plaintiff's attorney, the rule was again, over defendants' objection, continued and reset for trial on December 17th. On that day the case, as a whole, was tried.

Plaintiff admitted that he had not paid $12.50 of the November rent and none for December, although it is further admitted that under the lease agreement, each month's rent was payable in advance. Regardless of the issuance and delivery of the draft for $12.50, that much of the rent for November remained unpaid, when Gaar was notified to vacate the leased premises. It was unpaid when he sought injunctive assistance and it was unpaid when the case was tried, and most probably unpaid at this time. The record discloses that some difficulty was experienced by the lessors prior to November in collecting the rent due them by Gaar. Under his own testimony, the lease had been violated by him for non-payment of rent, and this fact alone warranted lessors in resorting to ejectment (summary) proceedings to dispossess him.

The non-payment of rent "when due" is a peremptory cause for the dissolution of the lease and the restoration of possession of the leased property to the lessor. Section 2155, Revised Statutes, as amended, lastly by Act No. 55 of 1926.

The record before us clearly negatives legal warrant for issuance of the permanent injunction. The preliminary injunction should have been dissolved and set aside and plaintiff's suit dismissed at his costs, after trial on the merits. Defendants (plaintiffs in reconvention) should have been given judgment in consonance with the prayer of their reconventional demand.

Defendants have not proved the amount they have paid or are obligated to pay their counsel for services rendered in procuring dissolution of the injunction. It is proven that they agreed to pay him $50.00 for services for the "complete handling of the case". This indicates that counsel for this sum agreed to defend the original suit and prosecute the summary case also. To recover the amount of counsel fee necessarily incurred in the dissolution of a conservatory writ, the proof must definitely establish the amount of fee paid or agreed to be paid for such services. .

For the reasons herein assigned, the judgment appealed from is annulled, avoided and reversed in toto, and the permanent injunction authorized thereby is dissolved; and for said reasons, there is now judgment in favor of P. Lestan Prudhomme, Mrs. Lelia Prudhomme Keator, Placide Prudhomme and Ella Prudhomme, plaintiffs in reconvention, adjudging the lease contract between them and defendant in reconvention, G. C. Gaar described in the petition herein, to have been violated by said Gaar for nonpayment of rent, and for this reason, said plaintiffs in reconvention are hereby decreed to be entitled to the possession of the leased premises involved herein, viz.; "A lot and improvements situated on the west side of Washington street, in the city of Natchitoches, Louisiana, bounded north by the property of A. A. Lay, south by property of Sam Levy, and west by the City ditch;" and the said Gaar is hereby ordered to deliver such possession to them.

It is further ordered that should the said Gaar not comply with this judgment within

twenty-four (24) hours from its finality by delivering possession of said leased premises to the said plaintiffs in reconvention, a writ of possession issue hereunder and execution thereof be made in the manner directed by law. Section 2155, Revised Statutes, as amended.

It is further ordered, adjudged and decreed that said plaintiffs in reconvention do have and recover judgment against said G. C. Gaar for Twelve and 50/100 ($12.50) Dollars, with legal interest thereon from November 1, 1937, until paid; and that said Gaar pay all costs of these suits.