299 So.2d 919 (1974)
Jack CAMERON, Plaintiff-Appellant,
v.
James KRANTZ, Defendant-Appellee.
No. 4638.
Court of Appeal of Louisiana, Third Circuit.
September 11, 1974.
J. Winston Fontenot, Lafayette, for plaintiff-appellant.
Davidson, Meaux, Onebane & Donohoe by Robert M. Mahony, Lafayette, for defendant-appellee.
Before HOOD, MILLER and DOMENGEAUX, JJ.
HOOD, Judge.
Jack Cameron has appealed from a judgment of the trial court ordering that he be evicted from premises which he had leased from James Krantz.
The principal issue presented is whether Cameron's failure to pay the rental payments provided in the lease constituted sufficient grounds for the lessor to cancel the lease and evict the tenant.
*920 The suit was instituted originally by Cameron, as lessee of a part of a building owned by Krantz and located in the City of Lafayette, against his lessor to enforce the lease and to recover damages. Defendant Krantz answered, and he also filed a reconventional demand, alleging that the lease had been terminated by lessee's failure to pay rentals, and demanding judgment against Cameron for the delinquent rental payments.
Krantz then filed a separate petition in the same proceeding praying that Cameron be evicted from the premises because of nonpayment of rent. A trial was held solely on the action to evict filed by the lessor, and judgment was rendered by the trial court on September 17, 1973, in favor of Krantz decreeing that "there be a cancellation of the lease between James Krantz and Jack Cameron as of May 31, 1973, and that defendant in rule, Jack Cameron, is ordered to be evicted as of May 31, 1973." Cameron has appealed from that judgment. The issues presented in the original suit instituted by Cameron and in the reconventional demand filed in that suit have not been tried or determined.
Krantz and Cameron executed a written lease contract on May 18, 1972, under the terms of which Krantz, as lessor, agreed to lease to Cameron, lessee, a part of a building located at 105 Guilbeau Road, Lafayette, and some property adjacent to that building, to be used by the lessee for the operation of an automobile body repair shop or related business. The lease contains the following provisions:
"1. This lease is made and accepted for a term of one (1) year which begins on June 1, 1972 and ends on May 31, 1973, with the Tenants option to renew for a period of four (4) years thereafter. At the same rental rates per month. Option must be exercised two (2) months before lease expires.
"2. Tenant shall pay to Owner as rent for the leased premises, the sum of Three Hundred Eighty Five and no/100 ($385.00) dollars per month, payable punctually in advance on the first day of each month during the term hereof, said rental payments to be made by Tenant's check drawn to the order of Owner and mailed to 2809 Hwy. 167 North, Lafayette, La.
* * * * * *
"10. If Tenant shall fail to pay any fixed monthly rental within thirty (30) days of its due date, Owner shall give Tenant written notice of such delinquency by registered mail addressed to Tenant at Queen Row Trailer Park, Route 1 Box 105, Lafayette, Louisiana, and if such rent is not paid within thirty (30) days after receipt of such notice, then the monthly rental for the entire remaining term of the lease shall at Owner's option become due and payable without the necessity of further demand or putting in default. Owner may, at its election, declare the lease terminated without further action."
Cameron made the monthly rental payments as they became due for the first six months, being the rentals due for the months of June through November, 1972. He did not make the payment which became due on December 1, 1972, however, and he has made no other rental payments under the lease since that time.
Krantz wrote to Cameron on December 11, 1972, advising him that the rental payment due on December 1 had not been paid, and stating that if payment was not received "by the thirtieth" he would "proceed with collection as per signed contract." He wrote to Cameron again on January 3, 1973, advising that the latter was still delinquent in his rental payments, calling his attention to Paragraph 10 of the lease contract providing for acceleration of the rental payments or termination of the lease, and stating that if the payments due for December and January, amounting to $770.00, were not made he would "proceed legally according to the terms of the contract." The last mentioned letter was sent *921 to Cameron by Certified Mail, and the return receipt shows that it was received on January 4, 1973.
On February 19, 1973, counsel for Krantz wrote to Cameron's attorney, advising that because of the failure of the lessee to make rental payments due under the lease, and in view of the letters which Krantz had written to Cameron, the lease "has been terminated as of February 5, 1973, pursuant to Paragraph 10 of the lease." In that letter a demand was made upon Cameron to pay all monthly rentals due under the lease "through May of 1973," which demand is inconsistent with the lessor's election to terminate the lease at an earlier date. Despite this inconsistency, however, we consider the letter written on February 19, 1973, as formal notice by the lessor of his election to terminate the lease pursuant to Paragraph 10 of the contract. That letter also was sent by Certified Mail, and it was received by Cameron on February 20, 1973.
The lease was for a term of one year ending May 31, 1973, but it stipulated in Paragraph 1 that the lessee had the option to renew it for an additional period of four years, provided that the option was exercised two months before the lease expired. The evidence shows, and Cameron concedes, that the lessee has never exercised that option to renew the lease. Cameron has never notified Krantz that he intended to renew the lease or to extend its provisions beyond May 31, 1973.
This eviction proceeding was instituted on March 19, 1973. Krantz contends primarily that the lessee violated the terms of the lease by failing to pay the rent as it became due, and that the lessor thus was entitled to terminate the lease for nonpayment of rent.
The lessee, Cameron, contends that Krantz breached the lease before the payment of monthly rentals was discontinued by failing to equip the premises with necessary and proper lighting fixtures, and in failing to provide a paint booth which was suitable for the operation of an automobile repair shop, all as required in the lease contract. He argues that he, as lessee, has the right to discontinue the payment of monthly rentals and to retain possession of the leased premises until the lessor complies with his obligations under the contract. He also contends that his option to renew the lease for an additional period of four years, granted in Paragraph 1 of the contract, has not been lost, but that Krantz's failure to comply with his obligations under the lease has had the effect of maintaining and extending that option until such time as the lessor complies with the terms of the written agreement.
At the trial the lessor offered evidence tending to show that the parties entered into oral agreements modifying the terms of the lease insofar as it related to the lessor's obligation to furnish lighting fixtures and a suitable paint booth. Cameron objected to that evidence on the ground that oral evidence is not admissible to contradict or modify the terms of a written agreement. The trial judge permitted the evidence to be introduced subject to that objection. The major part of the testimony presented at the trial related to the question of whether the parties entered into oral agreements modifying the terms of the lease contract, and whether the lessor, Krantz, complied with the terms of the lease as so modified.
The trial judge considered the fact that Cameron had failed to exercise his option to renew the lease, and he concluded that the lease terminated on May 31, 1973. He stated in his reasons for judgment, however, that Krantz was entitled to recover from Cameron his rental payments due only for the months of December, 1972, and January and February, 1973, indicating that the lease actually terminated before May 31, 1973. The matter was before the court only on the rule to evict the tenant, however, so no determination was made and no judgment was rendered relating to the amount of rent which might be owed by the lessee.
*922 We have decided that it is immaterial to the issues presented in this eviction proceeding whether the lessor, Krantz, failed or refused to make repairs to the leased premises, as required by the lease contract. Assuming for the purpose of this suit, but without making any determination of that issue, that Krantz failed to perform his obligations under the lease prior to December 1, 1972, when Cameron discontinued the payment of the monthly rentals, our conclusion is that Cameron nevertheless did not have the right to discontinue the rental payments due under the contract and also to retain possession and use of the leased premises. Cameron's failure to pay the rentals, under the circumstances presented here, constituted sufficient grounds for a judgment evicting him from the leased premises.
The law provides that the lessee may be expelled from the property if he fails to pay the rent when it becomes due. LSA-C.C. art. 2712. The neglect of the lessor to fulfill his engagements may give cause for a dissolution of the lease. LSA-C.C. art. 2729. If the lessor refuses or neglects to make the necessary repairs, the lessee may himself cause those repairs to be made and deduct the price from the rent due, on proving that the repairs were indispensible and that the price which he has paid was just and reasonable. LSA-C.C. art. 2694.
The jurisprudence interpreting these articles of the Civil Code is settled that a lessor's breach of his obligation to repair the leased premises does not exonerate the lessee from his obligation to pay the stipulated rental if he continues to occupy and use those premises. If the lessor fails to make the repairs required by the lease contract or by law, the lessee at his option may either (1) complete the repairs himself within a reasonable time, and deduct the cost of them from the rent to become due, on proving that the repairs were indispensible and that the price which he has paid was just and reasonable, or (2) he may terminate the lease and surrender possession of the premises to the owner. Degrey v. Fox, 205 So.2d 849 (La.App. 4 Cir. 1968); Mullen v. Kerlec, 115 La. 783, 40 So. 46 (1905); Bruno v. Louisiana School Supply Company, Inc., 274 So.2d 710 (La.App. 4 Cir. 1973); Reed v. Classified Parking System, 232 So.2d 103 (La.App. 2 Cir. 1970); Gaar v. Prudhomme, 181 So. 604 (La.App. 2 Cir. 1938).
In the instant suit, assuming that the lessor failed to make repairs to the leased premises as required by the contract, the lessee, Cameron, had the right either to make the repairs himself, and deduct the price from the rent due, or he could cancel the lease. The evidence shows that Cameron did not make the repairs which he contends should have been made by the lessor. He also has not attempted to cancel the lease, but on the contrary is seeking in this suit to enforce it.
Our conclusion is that Cameron's failure to pay rental payments as provided in the lease contract constituted a breach of that contract, and that in view of that breach the lessor has the right to terminate the lease and to evict the lessee from the premises. Cameron did not have the right to retain possession of the premises after the lease was terminated. We think the lease was terminated as of February 20, 1973, that being the date on which Cameron received formal notice that the lessor had exercised his right to terminate the lease.
Since the lease contract was terminated as of February 20, 1973, it necessarily follows that the option provided in Paragraph 1 of that contract also was terminated. There is no merit to Cameron's argument that his right to exercise that option was preserved, maintained or extended until after the lessor made the repairs which he allegedly was obligated to make.
After the appeal was perfected, Cameron filed a motion in this court to remand the case for a new trial or for the introduction of additional evidence. Alternatively he prayed that we consider the record as *923 being supplemented by the documents which were attached to the motion. The additional evidence which Cameron seeks to produce tends to show that the paint booth in the leased premises did not comply with the requirements of an ordinance of the City of Lafayette, that there were violations of the Fire Prevention Code, that the electrical work in the building had not been done in accordance with the electrical code, and that demands were made on the lessor to make these necessary repairs before Cameron discontinued the payment of rent.
The evidence offered by Cameron is immaterial to the issues presented here. We have already pointed out that the lessee's remedy in this case was either to make the repairs himself and deduct it from future rental payments, or to terminate the lease. Cameron has not employed either of those remedies. He simply quit paying the rent, and his violation of the contract in that respect gave the lessor the right to terminate the lease. The result would be the same if the evidence which Cameron now offers would be produced. For these reasons the motion to remand or supplement the record is denied.
We find no error in the judgment of the trial court ordering that the lessee be evicted from the premises. We think the judgment should be amended, however, to decree that the lease was terminated as of February 20, 1973, instead of May 31, 1973.
The judgment rendered in this eviction proceeding shall not affect the rights which Cameron may have to recover damages from Krantz, or the right which Krantz may have to recover delinquent rental payments from Cameron, or any other rights which the parties may have and which are not being determined by this judgment.
For the reasons herein set out, the judgment appealed from is amended to decree that the lease contract between James Krantz and Jack Cameron is cancelled as of February 20, 1973, and that defendant-in-rule, Jack Cameron, is ordered to be evicted. In all other respects the judgment appealed from is affirmed.
All costs of these proceedings which relate to the action to evict, and all costs of this appeal, are assessed to the appellant, Jack Cameron.
Amended and affirmed.