403 So.2d 814 (1981)
Robert R. GARNER, Plaintiff-Appellee,
v.
Howard Dale PERRIN, Defendant-Appellant.
No. 14596.
Court of Appeal of Louisiana, Second Circuit.
August 25, 1981.
*815 S. V. Prunty, Jr., John A. Files, Shreveport, for plaintiff-appellee.
Love, Rigby, Dehan, Love & McDaniel, Shreveport, for defendant-appellant.
Before PRICE, JASPER E. JONES and FRED W. JONES, JJ.
JASPER E. JONES, Judge.
Defendant, Howard Dale Perrin, appeals a judgment against him in the amount of $8,100 in favor of plaintiff, Robert R. Garner, for rent in the amount of $300 per month for 27 months on Scooter's Bar and Lounge. Plaintiff, in a written lease, leased the bar to defendant for a period commencing March 13, 1973 through March 12, 1974 for a monthly rental of $300. Defendant paid the monthly rental provided in the lease, but paid no rent for his occupancy of the bar subsequent to March 12, 1974, the date upon which the written lease expired. Defendant continued to occupy the leased premises following the expiration of the written lease until May 23, 1976, when he vacated the premises pursuant to an eviction judgment rendered in an eviction suit filed November 3, 1975. Plaintiff alleged in his eviction suit that he had given defendant written notice to vacate the premises and attached to said eviction suit the following copy of the eviction notice:
 "October 9, 1975
 Mr. Howard Dale Perrin
 Frierson Road
 Stonewall, La. 71078
 Scooter's Bar & Lounge
 Highway 171 on the Mansfield Road
 At Caddo/DeSoto Parish Line
 Keithville, La. 71047
*816
 RE: Notice to vacate premises
Dear Mr. Perrin:
As you know, your March 13, 1973 lease of the premises situated on the Mansfield Road, near Keithville, Louisiana, known as "Scooter's Bar & Lounge" has expired. You have paid no rent since March, 1974. You have no right to occupancy. I desire to obtain possession of my premises.
I allow you five (5) days from the delivery of this formal notice for you to vacate the leased premises.
 Sincerely,
 Robert R. Garner/s
 Robert R. Garner
RRG"
Plaintiff filed this suit styled "Petition For Past Due Rent" on September 26, 1977. Defendant filed exceptions of no cause of action and prescription, both of which were overruled by the trial judge. Defendant contends the petition does not state a cause of action because there was no contract of lease between plaintiff and defendant during the period for which the rent is sought, and he alternatively contends that if there was rent owed that all rent which became due more than three years before the suit for collection of the past due rent was filed on September 26, 1977, has prescribed under the provisions of LSA-C.C. art. 3538.
The trial judge found plaintiff was entitled to recover under "quasi contract or quantum meruit."
Defendant assigns as error the trial court's overruling of his exception of no cause of action contending that the petition and evidence presented did not establish a lessor-lessee relationship covering the period for which the rent award was made. Appellant contends in the alternative that his exception of prescription should have been sustained insofar as it applied to all rent due prior to September 26, 1974.
The law applicable to the issue of whether a lease continued subsequent to the expiration of the written lease between the litigants is contained in the following articles of the Civil Code:
1. LSA-C.C. art. 2689If the tenant either of a house or of a room should continue in possession for a week after his lease has expired, without any opposition being made thereto by the lessor, the lease shall be presumed to have been continued, and he can not be compelled to deliver up the house or room without having received the legal notice or warning directed by article 2686.
2. LSA-C.C. art. 2686The parties must abide by the agreement as fixed at the time of the lease. If no time for its duration has been agreed on, the party desiring to put an end to it must give notice in writing to the other, at least ten days before the expiration of the month, which has begun to run.
3. LSA-C.C. art. 2685If the renting of a house or other edifice, or of an apartment, has been made without fixing its duration, the lease shall be considered to have been made by the month.
In Governor Claiborne Apartments, Inc. v. Attaldo, 256 La. 218, 235 So.2d 574 (1970), the court made the following statement regarding the application of these articles to an expired written lease:
"Under our Civil Code provisions based on these articles of the Code Napoleon, legal reconduction takes place when a fixed-term lease expires and the lessee without opposition continues to occupy the premises for more than a week. The reconducted lease is actually a continuation of the lease under the same terms and conditions except that the fixed term or period of duration in the old lease is voided and the reconducted lease is considered to be by the month." Id. 235 So.2d at 576.
In the case of Becker & Assoc., Inc. v. Lou-Ark Equip. Rent. Co., Inc., 331 So.2d 474 (La.1976), the court recognized that the lease reconducted continues until put to an end in the manner provided for by LSA-C.C. art. 2686, unless otherwise provided for by the terms of the lease contract. The court there stated:
"Under La.C.C. art. 2686, the presumed continuance of a lease by operation of *817 law from month to month, resulting from holding over without notice, is called `tacit reconduction.' The effect of such a continuance is not to constitute a new lease each month or even to renew the old one, but rather to continue the original lease. Weaks Supply Co. v. Werdin, 147 So. 838 (La.App.2d Cir. 1933). Cf. Governor Claiborne Apartments, Inc. v. Attaldo, 256 La. 218, 235 So.2d 574 (1970). Accordingly, the month to month lease in the instant case did not terminate each month but endured continuously until put to an end in the manner provided by La.C.C. art. 2686 or by the lease contract." Id. at 477.
There is no evidence in the record which tends to establish that plaintiff opposed possession of the leased premises by defendant during the first week that defendant continued to possess the leased premises following expiration of the lease.
The only evidence in the record of any contact between plaintiff and defendant during the time frame of one week following the expiration of the written lease is contained in the following testimony:
"Q. Did he come by and offer to make any payment?
A. The best I remember the only mention of the rent was the last day of the lease. i went by there and asked him if he was going to be able to get out on that date. Well when I walked in the door he nodded and said `what did you do, come by to get the rent.'" Id. tr. 78.
The statement of plaintiff to defendant "I asked him if he was going to be able to get out on that date" does not amount to opposition to defendant retaining possession for one week after the lease expired. There is no evidence that plaintiff made any other statement to defendant or wrote him any letter or took any other positive action to establish his opposition to defendant maintaining possession of the leased premises during the week immediately following the expiration of the lease. There is testimony in the record which alludes to an eviction suit which was filed at some time prior to the eviction suit of November 3, 1975, but the evidence indicates that this first filed eviction suit was dismissed. There are no details as to when the first eviction suit was filed, nor what the circumstances were surrounding the filing or dismissal of this eviction suit.
Because defendant retained possession of the leased premises for more than one week following the expiration of the written lease without any opposition during this period by plaintiff, under the provisions of LSA-C.C. arts. 2685, 2686, and 2689, a month by month lease commenced on March 13, 1974 which continued until terminated by the written notice of October 9, 1975.
The notice to cancel the lease was not given under the provisions of LSA-C.C. art. 2686. The provisions of Art. 2686 require the notice to be at least ten days before the expiration of the month which has begun to run, and the notice given on October 9th would not have been ten days before October 12th, and the notice given would normally have terminated the lease on the end of the following month, or on November 12. Plaintiff was not required to continue the lease until November 12 because defendant had violated the terms of the lease by failing to pay the rent. The notice of eviction was given for nonpayment of rent since March 1974, and demanded that possession be surrendered five days from receipt of the notice.
LSA-C.C. art. 2712 provides that the lessee may be expelled for nonpayment of rent. LSA-C.C. art. 2729 provides that the lease may be dissolved if the lessee fails to comply with the terms of the lease. The month by month lease requires the payment of the rent each month as was required by the written lease. Plaintiff effectively cancelled the lease for nonpayment of rent effective October 14th, the date upon which he demanded possession by his letter of October 9th.
In Cameron v. Krantz, 299 So.2d 919 (La. App.3d Cir. 1974), the court stated:
"Our conclusion is that Cameron's failure to pay rental payments as provided in the *818 lease contract constituted a breach of that contract, and that in view of that breach the lessor has the right to terminate the lease and to evict the lessee from the premises. Cameron did not have the right to retain possession of the premises after the lease was terminated. We think the lease was terminated as of February 20, 1973, that being the date on which Cameron received formal notice that the lessor had exercised his right to terminate the lease." Id. at 922.
Defendant owes rent under the terms of the month by month lease that continued by reconduction from March 13, 1974 until the last month's lease was terminated for nonpayment of rent on October 14, 1975.
Defendant continued to occupy plaintiff's premises following termination of the lease until October 23, 1976, and he owes plaintiff $300 per month for each month of his occupancy subsequent to the termination of the lease. Verneuil v. Harper, 28 La.Ann. 893 (1876); Harvey v. Pflug, 37 La.Ann. 904 (1885); Jackson Brewing Co. v. Wagner, 123 La. 798, 49 So. 529 (1909); Meyer v. Succession of McClellan, 30 So.2d 788 (Orl. La.App. 1947); Faroldi v. Nungesser, 144 So.2d 568 (La.App. 4th Cir. 1962); Groghan v. Billingsley, 313 So.2d 255 (La.App. 4th Cir. 1975); and Becker, supra.
In Becker, supra, the court annulled a lease because of error and held that the lessor was entitled to rent for the leased equipment based upon unjust enrichment. The court there stated:
"However, the principle of unjust enrichment, embodied in our Civil Code art. 1965 requires that Lou-Ark be compensated in the amount of the fair rental value of the equipment for the period it was in Becker's possession. Accordingly, it is necessary that we remand the case to the trial court to determine precisely this value." Id. at 477, 478.
The theory of recovery by the lessor for rent for the lessee's possession of the premises following the termination of the lease is the doctrine of unjust enrichment, though some of the earlier cases cited do not articulate the legal theory upon which the lessor was granted recovery for the value of the occupancy by the tenant of the leased premises following the expiration of the lease. The fair rental value of Scooter's Bar is established by the written lease at $300 per month.
The rent which had become due on the 13th day of March, April, May, June, July, August, and September of 1974, was all past due for a period of more than three years at the time plaintiff filed his suit for past due rent on September 26, 1977. LSA-C.C. art. 3538 provides:
"The following actions are prescribed by three years:
That for arrearages of rent charge, * * *".
Plaintiff contends that prescription was interrupted by the filing of his suit for eviction on November 3, 1975. Plaintiff relies upon the provisions of LSA-R.S. 9:5801, which provides:
"All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, including minors or interdicts, by the commencement of a civil action in a court of competent jurisdiction and in the proper venue. When the pleading presenting the judicial demand is filed in an incompetent court, or in an improper venue, prescription is interrupted as to the defendant served by the service of process."
The eviction suit did not contain a demand for the past due rent which was the cause of action sued upon in this suit, and for this reason the eviction suit did not interrupt prescription on the rent which had been due for more than three years at the time this suit was filed on September 26, 1977.
The case of Alfred Hiller Co. v. Hotel Grunewald Co., 138 La. 305, 70 So. 234 (1914), relied upon by plaintiff, is totally distinguishable from the instant case because there the court held that an earlier suit against a contractor on the same cause of action interrupted prescription on the suit against the defendant on the same cause of action because the contractor and *819 the defendant were obligated in solido on the obligation sued upon.
The defendant has not paid for the occupancy of the leased premises for the period from March 13, 1974 until May 23, 1976, which is a period of 26 1/3 months, which calculated on the basis of $300 per month results in defendant having failed to pay $7,900. The rent which became due on the 13th of March, April, May, June, July, August, and September of 1974, or the sum of $2,100 has prescribed. Plaintiff is entitled to a judgment against defendant for $5,800.
We amend the judgment to recast the second paragraph to read:
"IT IS ORDERED, ADJUDGED and DECREED that there be judgment herein in favor of Robert R. Garner, the plaintiff, and against Howard Dale Perrin, the defendant, in the full sum of Five Thousand Eight Hundred and No/100 ($5,800.00) Dollars, with legal interest from date of judicial demand until paid, and for all costs of these proceedings."
As AMENDED, the judgment is AFFIRMED at appellant's cost.