COVINGTON, Judge.
This is a suit by the lessor, St. Tammany Investment Properties, Inc., against the lessee, Mark P. Cairns, for monthly rentals allegedly due under a lease agreement and for damages to the leased premises. Prom a judgment in favor of plaintiff for the monthly rentals for a nine month period, plus interest on each payment from its due date, for damages in the amount of $1,000, plus legal interest from judicial demand, for attorney fees in the amount of 20% on the amount awarded, and for all costs of the proceedings, the defendant has suspensively appealed. We affirm.
On April 12, 1979, the defendant, a dentist, leased certain office space in the Professional Building on North Causeway Boulevard in St. Tammany Parish for a term on one year, ending March 31, 1980, at a monthly rental of $878.00. The lease contained an option-to-renew clause.
Just before Christmas, 1979, plaintiff, acting through its agent, Raymond M. Authement, sent to Dr. Cairns a new lease agreement, unsigned by the lessor, to cover the period of time from April 1, 1980 through March 31, 1981. This agreement provided for an increase in the monthly rentals to the sum of $408.00, and included an option to extend the term of the lease for an additional year at a monthly rental of $441.00. Dr. Cairns signed the lease and returned it to the plaintiff in early March, 1980. It was then that Mr. Authement deleted the option clause, executed the lease on behalf of plaintiff, and returned it with a cover letter dated March 6, 1980. In the letter the lessor advised the lessee of the deletion of the option clause and suggested that the lessee contact Mr. Authement if a longer term was preferred. No response was made to the letter, but Dr. Cairns paid the increased monthly rentals for the months of April, May and June, 1980.
The plaintiff first heard (other than the rental payments) from the leasee through his attorneys, who informed the lessor that the tenant was terminating his lease effective June 30,1980. Mr. Authement answered by letter dated June 13, 1980, that while the lessor had no objection to a sublease to a suitable tenant, it held Dr. Cairns responsible for the rent in accordance with the lease agreement. Before the end of June, 1980, Dr. Cairns moved his dental office to Mandeville, Louisiana.
The lessor made an examination of the premises after the dentist moved out, which revealed that the premises were damaged to a certain extent and that the lessees had not restored them to their former condition. After Dr. Cairns refused to respond to the demands of the lessor to pay the rent for the balance of the lease term and to repair the premises, this suit was instituted. After the trial, the court considered that by the doctor’s payment of the increased rent called for in the new lease, he had tacitly accepted the new agreement; [1] so, judgment for the monthly rental and interest as provided for in the lease was rendered in favor of St. Tammany Investment Properties, Inc. We agree.
A similar situation was presented in Montague v. Weil & Bro., 30 La.Ann. 50 (1878), where the defendants were occupying a store as lessees under a written lease for one year. An agreement for a lease on the same premises at a reduced rental for another year was entered into, and it was agreed that the new lease would be reduced to writing. The lessor prepared the lease, which defendants agreed to sign but did not do so. Defendants, however, occupied the premises after the expiration of the old lease and paid one month’s rent at the reduced amount. The defendants then informed the lessor that they were abandon *254 ing the property, whereupon, the lessor sued for the amount of rent agreed upon under the new lease agreement. Plaintiff’s suit was maintained, and plaintiff was allowed to recover the rent due under the new lease.
In Montague, the Court stated (30 La. Ann. at 53):
The intention of the parties here nowhere appears to be to make the existence of the lease depend upon its formal confection, and the signing. On the contrary the payment of the November rent under that lease is evidence that they regarded it as complete, for if the store was held under the old lease, a hundred dollars should have been paid instead of seventy-five. The defendants, both by words and conduct, induced the plaintiffs to believe that they regarded the new lease as binding, and complete, and it is a sound principle of law, as well as of morals, that where one by his words or conduct, wil-fully causes another to believe in the existence of a certain state of things, and induces him to act on that belief so as to alter his own previous position, the former is concluded from averring against the latter a different state of things as existing at the same time.
See also Comment, The Louisiana Law of Lease, 39 Tul.L.Rev. 798, 804 (1965).
The trial court also awarded the plaintiff damages in the amount of $1,000.00.[2] In making this award, the trial judge observed:
The evidence also indicates that alterations were made to the building by Dr. Cairns and that substantial repairs are necessary to get the building back to its original condition. The testimony indicates that the necessary repairs will cost $1500.00. The evidence indicates that some of the repairs are necessitated by the condition in which the building was left by a former tenant. It would appear that the former tenant moved out leaving some holes in the exterior walls, and that only a nominal amount will be required to plug the holes. There is no clear evidence as to how much should be charged the former tenant. In any event, it seems clear that the former tenant’s responsibility could not exceed the sum of $500.00. Accordingly, the Court will grant judgment in favor of the plaintiff and against Dr. Cairns in the amount of $1,000.00 to compensate plaintiff for restoration expenses.
The record supports the lower court’s fixing of damages under the circumstances of this case. Speirer v. McIntosh, 342 So.2d 238 (La.App. 4th Cir.1977); Buchanan v. Daspit, 245 So.2d 506 (La.App. 3rd Cir.1971). We find no abuse of the considerable discretion in the assessment of damages allowed to the trier of fact in the case at bar.
For the reasons assigned, we affirm the judgment of the district court at appellant’s costs.
AFFIRMED.

. The evidence in the present case does not establish the “reconducted lease” of Governor Claiborne Apartments, Inc. v. Attaldo, 256 La. 218, 235 So.2d 574 (1970), and its progeny. The relationship between the parties before the bar is contractual, not quasi-contractual; a new lease contract was agreed to, the rent and ee premises having definitely been consented to and agreed upon by both parties. The “lessee” did not merely continue in possession so that the “lessor” need have resort to the quasi-contractual theory of recovery, i.e. the doctrine of unjust enrichment, espoused by Garner v. Perrin, 403 So.2d 814 (La.App. 2nd Cir.1981).

. Interest and attorney fees were awarded pursuant to the lease agreement.