### No. 179.

### MRS. N. T. MULHAUPT AND HUSBAND VS. WILLIAM ENDERS.

Failure of lessor to maintain the thing leased in a condition such as to serve the use for which it is hired, and to make repairs necessary to that end, while it may give the lessee the right to claim a dissolution, or to claim damages resulting from such failure, does not confer upon him the right to continue to use and occupy the premises without compensation; and if, notwithstanding a suit to dissolve, he fails to restore or offer to restore the thing leased to the lessor and continues to use and occupy it, he is liable for the rent during the term of such occupancy.

Where the lessee fails to pay the rent due under such circumstances, the writ of provisional seizure is a lawful remedy, and damages cannot be recovered for its issuance.

APPEAL from the First District Court, Parish of Caddo. *Taylor*, J.

---

*Land & Land* for Plaintiffs and Appellees.

*J. W. Jones* for Defendant and Appellant.

---

The opinion of the Court was delivered by

FENNER, J. Plaintiffs sued for rent due and to become due on a ten years' lease to defendant of a certain building in Shreveport, accom-

panied by a process of provisional seizure under which defendant's property on the premises was taken into custody of the sheriff on the 10th of February, 1885. On the same day, the sheriff, at the instance of plaintiff who advanced the premiums, insured the seized property for $7,000. On the 15th of February, the property was destroyed by fire.

Thereafter, on March 5th, defendant filed his answer and plea in reconvention, in which he admitted the lease, but averred that the lessor had failed to comply with his obligation to maintain the thing leased in a condition such as to serve the use for which it was hired, and had failed to make repairs necessary for that purpose notwithstanding due demand, in consequence of which he had brought a suit against plaintiffs for annullment of the lease; averred the destruction of the property by fire; set up that the provisional seizure had been wantonly, illegally and tortiously issued; and claimed, as damages, the sum of $7,600, the value of his property destroyed by said fire and the further sum of $500 as counsel fees in this suit, confined in a supplemental plea to fees for dissolving the sequestration.

Subsequently, defendant bonded the policies of insurance which had been taken out by the sheriff; voluntarily adjusted his losses by the fire with the insurance companies, receiving in satisfaction the sum of $5,535 and the debris of the machinery which he sold for $575.

From a judgment in favor of plaintiffs for $66.66, amount of rent due, up to the date of the fire, with privilege, and rejecting the reconventional demand, defendant has appealed.

The judgment is certainly correct under the issues and facts of this case.

Notwithstanding his complaints of the unserviceable condition of the premises dating back for several months, and notwithstanding his suit to annul the lease instituted a few weeks before the present action, defendant maintained his occupancy and use of the premises, without even offering to deliver them to plaintiff, and so continued up to the moment of seizure.

It is perfectly clear, therefore, that he was liable for the rent.

Granting that the alleged faults of the lessor might have entitled the lessee to claim a dissolution or damages resulting from such faults, they certainly could not confer upon him the right to occupy the premises without compensation. Now we have before us no issue as to the dissolution of the lease and no claim for damages for any fault of lessor under the lease. Under these circumstances, we regard all the evidence on the subject of the condition of the premises and the neces-

sity for repairs as irrelevant; for, conceding all that plaintiff claims, its only effect would be to entitle him to claim dissolution of the lease on restoring or tendering the premises to the lessor, or to claim damages for non-repair; but if he continued voluntarily to use and occupy the premises without even offering to restore them, his suit for dissolution could not dispense him from paying the rent during such occupancy.

The judgment in favor of plaintiff, confined as it was to the term of actual occupancy, was manifestly correct.

From this it conclusively appears that the writ of provisional seizure was lawfully issued, and the damages claimed on the charge that it was wanton and malicious have no foundation.

In any event defendant having, under the policies of insurance, voluntarily accepted a certain sum much less than the face of the policies as the value of his goods destroyed, could not be heard to claim a greater amount on that account from plaintiff.

The writ of provisional seizure having been lawfully issued and sustained, of course the claim for counsel fees vanishes.

Judgment affirmed.