LAND, J.
The opinion of the Court of Appeal reads as follows, viz.:
“A lessor sued to evict his lessee for failure to pay the rent, and the latter answered, first, that the rent was not due, and, next, that she retained it to make certain repairs. At the trial the judge properly ordered the lessee to elect between those two inconsistent defenses, and she stood upon the latter.
“Article 2694, Rev. Civ. Code, reads as follows: ‘If the lessor do not make the necessary repairs in the manner required in the preceding article, the lessee may call on him to make them. If he refuse or neglect to make them, the lessee may cause them to be made, and deduct the price from the rent due, on proving that the repairs were indispensable, and that the price which he has paid was just and reasonable.’
“It appears that the lessee neither paid the rent nor made the repairs. She is therefore without valid defense, and without right to demand any damages.
“The Code clearly means that the lessee must first make the repairs, and then deduct the price from the rent subsequently becoming due, after notice to the lessor.
“The lessee violated her agreement by refusing to pay the rent due on February 1st, and the judgment ordering her to vacate is well founded.”
The lease was for the term of 60 months from April 1, 1902, at the rate of $15 per month, payable in advance on the 1st day of each and every month, as evidenced by rent notes. The rent appears to have been paid promptly in advance up to February 1, 1905.
*406 On February 2d or 3d. plaintiff called to collect the rent. Defendant objected, inviting his attention to the condition of the stable. He told her to make the repairs herself, but was unwilling for her to retain the rent for that purpose. Plaintiff’s position seems to have been that under the terms' of the lease the obligation of keeping the premises “in good order” was incumbent on the lessee. On February 7, 1905, plaintiff made a written demand on defendant to vacate the premises. On February 10, 1905, defendant made a formal demand on plaintiff to repair the leased premises, stating that, unless the repairs were made, the defendant would be compelled to vacate or to make the repairs herself. On February 16, 1905, plaintiff caused written notice to vacate to be served on defendant, and on March 1st following filed the ejectment suit in question. The case was tried on March 14th following, and it appears from the evidence that the defendant had not up to that time made any repairs to the leased premises. It is not -suggested that she has made any repairs since that date.
The Civil Code seems plain enough that the right of the lessee to make indispensable repairs at the expense of the lessor arises only after calling on the lessor to make such repairs and after his refusal or neglect to make them. We do not think that the lessee can he permitted to anticipate the refusal of the lessor to repair and on that ground refuse to pay the rent when due.
In Winn v. Spearing, 26 La. Ann. 384, the court held that the lessee was not justified in refusing to pay rent on the ground that the house leased was not put in repair according- to the contract. The court said:
“We do not think him [the lessee] justified in occupying the house free of rent because it was not put in repair. His remedy was to put his lessor in default and make the repairs, deducting the amount thereof.”
In Mulhaupt v. Enders, 38 La. Ann. 744, it was held that the failure of the lessor to make necessary repairs does not confer on the lessee the right to use and occupy the premises without compensation. See, also, Lewis v. Pepin, 33 La. Ann. 1422. Hence defendant was bound to pay the monthly rent falling due February 1, 1905. Her right to retain the rent, if any she had under the terms of the contract, must be confined to such as became due after the lessor had been put in default. Under the terms of the lease, the rent for the whole unespired term became due on the failure of the lessee to pay the installment maturing on February 1, 1905. The lessor, however, elected to vacate the lease for a violation of the condition as to payment.
We see no error in the decree of the Court of Appeal, and the same is therefore affirmed; relator to pay the cost of his proceeding.