205 So.2d 849 (1968)
John A. DEGREY
v.
Edward J. FOX.
No. 2819.
Court of Appeal of Louisiana, Fourth Circuit.
January 9, 1968.
Oneal C. Legendre, Jr., Kenner, for plaintiff-appellee.
Lebrun, McGee, Karno & Lockhart, Thomas P. McGee, Metairie, for defendant-appellant.
*850 Before REGAN, HALL and BARNETTE, JJ.
HALL, Judge.
Plaintiff, owner of the property 10950 Jefferson Highway, Jefferson Parish, brought this suit for eviction against the defendant lessee of said property and for past due rental in the sum of $3,850.00 plus all future rentals which might become due up to date of final judgment. Plaintiff also prayed for 10% attorney's fees and costs.
Following trial on the merits the District Judge rendered judgment in plaintiff's favor for a net sum of $1,685.72 together with interest from date of judicial demand and for costs together with an order condemning the defendant to vacate the premises. Defendant appealed. Plaintiff neither appealed nor answered defendant's appeal.
The facts are not in dispute. Plaintiff purchased the property 10950 Jefferson Highway subject to a recorded lease in favor of defendant, which lease was for a five year primary term commencing December 1, 1962 and ending May 31, 1968 and provided for a monthly rental of $275.00 payable in advance on the first day of each month. The lease stipulated that the property was to be used as a "Nursery & Gift Shop" and at all times pertinent hereto was being so used.
The lease is a standard form New Orleans Real Estate Board commercial lease and contains the following provision:
"If through no fault, neglect, or design of Lessee, the premises are destroyed by fire or other casualty or damaged to such an extent as to render them wholly unfit for occupancy, then this lease shall be cancelled. If, however, the premises can be repaired within 120 days from date of fire or casualty, then this lease shall not be cancelled, and Lessor shall notify Lessee within 30 days from the date of fire or casualty that Lessor will repair the damage, and Lessee shall be entitled only to such a reduction or remission of rent as shall be just and proportionate."
On September 9th and 10th 1965 the hot houses and other buildings on the leased premises were severely damaged by Hurricane "Betsy". However the testimony shows that the damage could have been repaired within 120 days from the date of the casualty. Plaintiff, apparently without any formal notice to defendant-lessee but with his knowledge and consent, commenced repairs on the property sometime in early October, 1965.
On October 11, 1965 defendant wrote a letter to plaintiff's rental agents enclosing his check for $175.84 covering rent for October, 1965, stating that due to the damage to the buildings he had deducted one-third of the monthly rental, being entitled to such reduction under the terms of the lease. On October 15, 1965 plaintiff's rental agents notified defendant that the reduced rental was not acceptable to the owner and defendant's check was returned. However up to the time of the trial the lessee continued to tender rental payments in the reduced sum of $175.84. None of the checks were cashed but were apparently returned to defendant.
Because the full rental was not being paid plaintiff stopped the repairs sometime in December 1965. At that time there were approximately $600.00 of repairs still to be made.
On May 18, 1967 (in addition to condemning defendant to vacate the premises) the District Judge rendered judgment in favor of plaintiff as follows:
"* * * in the full sum of $175.84 for a period of 150 days beginning on September 10, 1965 and in the full sum of $275.00 per month thereafter, or a total sum calculated through May, 1967 of $5,378.36, less a credit of payments received in the sum of $3,692.64. Accordingly, judgment is rendered in the full sum of $1,685.72 * * *."
*851 In his written "Reasons for Judgment" the District Judge said:
"Lessee relys (sic) on Lines 147-152 of the lease to justify taking a deduction in the rent for an indefinite period.
"This lease provision is for the primary benefit of the landlord, in that the landlord has an option, after notice, to repair the premises and during the 30-day notice period and 120-day repair period the lessee is entitled to a proportionate reduction in the rent.
"Apparently, without written notice the landlord undertook repairs. During the 150-day period provided by the lease the repairs were not completed and the deduction taken by the tenant was reasonable.
"After the expiration of that period the tenant had an option, if the repairs were not made, to terminate the lease or to make necessary repairs and deduct the amount therefor from the rent.
"There is no authority in law for the tenant to retain a portion of the rent without making the repairs and no justification under the lease contract for the reduction of rent, except during the period referred to above.
"Counsel for plaintiff will prepare and submit a judgment for the amount of the past due rent at the rate of $175.84 per month during the 150-day period following Hurricane Betsy and for the amount specified by the lease thereafter, less any payments received. Plaintiff shall also submit a judgment of possession of the premises."
Defendant-appellant makes no complaint with reference to the judgment of eviction, neither does he contend that the District Judge's mathematical calculations are incorrect in any particular.
His only contention is that when the owner failed to complete the repairs the defendant-lessee had an option either to complete the repairs and deduct the amount of their cost or to rely upon the herein quoted provision of the lease allowing him to make a just and proportionate reduction of the rent until the landlord completed the repairs himself.
Civil Code Articles 2693 and 2694 (LSA-C.C. Arts. 2693, 2694) read as follows:
"Art. 2693. The lessor is bound to deliver the thing in good condition, and free from any repairs. He ought to make, during the continuance of the lease, all the repairs which may accidently become necessary; except those which the tenant is bound to make, as hereafter directed.
"Art. 2694. If the lessor do not make the necessary repairs in the manner required in the preceding article, the lessee may call on him to make them. If he refuse or neglect to make them, the lessee may himself cause them to be made, and deduct the price from the rent due, on proving that the repairs were indispensable, and that the price which he has paid was just and reasonable."
The jurisprudence interpreting these articles is clearly to the effect that a lessor's breach of his obligation to repair does not exonerate lessee from his obligation to pay the stipulated rental for his use and occupancy of the leased premises. (See Mulhaupt v. Enders, 38 La.Ann. 744; Pesant v. Heartt, 22 La.Ann. 292; Lewis v. Pepin, 33 La.Ann. 1417; Winn v. Spearing, 26 La.Ann. 384; Diggs v. Maury, 23 La. Ann. 59.) Defendant-lessee does not contend that he owes no rent for his use and occupancy of the premises. His only contention is that the quoted clause of the lease gives him a right to reduce the stipulated rental to a "just and proportionate" amount for as long as the owner neglected to complete the repairs.
We are of the opinion, as was the District Judge, that the quoted provision of the lease does not give the lessee such right, the provision being for the primary benefit *852 of the owner permitting him to avoid cancellation of the lease. When the owner exercised his right to repair the premises and then failed to complete the repairs the lessee had the option to complete the repairs himself within a reasonable time (See Leggio v. Manion, La.App., 172 So.2d 748) and deduct the cost thereof from the rent to become due, or else, to terminate the lease and surrender possession of the premises to the owner.
The quoted provision of the lease does not, in our opinion, give him the right to retain and use the premises in their damaged condition for an indefinite time beyond the 150 day period without payment of the full rental stipulated in the lease.
For the foregoing reasons the judgment appealed from is affirmed; costs of this appeal to be borne by defendant-appellant.
Affirmed.