274 So.2d 710 (1973)
Victor BRUNO
v.
LOUISIANA SCHOOL SUPPLY COMPANY, INC.
No. 5253.
Court of Appeal of Louisiana, Fourth Circuit.
March 13, 1973.
Rehearing Denied April 3, 1973.
Frank S. Bruno, New Orleans, for plaintiff-appellee.
*711 Jesse S. Guillot, New Orleans, for defendant-appellant.
Before REDMANN, STOULIG and BOUTALL, JJ.
STOULIG, Judge.
This is an action for unpaid rentals under a contract of lease and a reconventional demand for the reimbursement of costs involved in remodeling the leased premises.
The pertinent facts are that the defendant, Louisiana School Supply Company, Inc. (hereinafter referred to as "LASSCO"), entered into a written lease of a portion of the second floor of Victor Bruno's building to be used as office space. The lease was for a term of five years, commencing on April 1, 1969, at a monthly rental of $375. LASSCO did not pay the rent for the months of August through December, 1969, and January and February of 1970, causing arrearages totaling $2,625. Prior to the institution of suit, Bruno gave LASSCO written notice, in accordance with the lease, that if the delinquent rents were not paid within 10 days, eviction proceedings and an action for the rents would be filed.
As LASSCO did not comply, these proceedings were commenced. After a hearing on an eviction rule, judgment was issued on March 26, 1970, ordering LASSCO to deliver the premises. LASSCO acquiesced in the judgment by surrendering the premises and taking no appeal.
At the trial on the main demand, in addition to the unpaid rental of $2,625 under the written lease, plaintiff also sought $490 allegedly due for additional office space under an oral lease. LASSCO filed a reconventional demand, seeking a setoff of $4,500 for the expenses of remodeling the interior of plaintiff's building, arguing that it undertook the repairs solely on the basis of the five-year lease and that it is therefore entitled to reimbursement because of an alleged breach by Bruno. Appellant contends that the lessor breached the lease agreement by failing to accomplish certain promised renovations to the exterior of the building and by failing to maintain the roof as per the lease agreement. The trial court rendered judgment for the plaintiff in the sum of $2,625, representing the unpaid rental under the written lease, together with attorney's fees of 10 percent. Plaintiff's demand for additional rental of $490 and defendant's reconventional demand were "rejected and dismissed." From this judgment, only LASSCO has appealed.
While written reasons for judgment were not advanced, the relative positions of the lessor and lessee as to fault are contradictory and, therefore, the credibility of the witnesses is involved. The trial court obviously believed that the lessor did in fact fulfill his contractual obligations by maintaining the roof[1] and properly repairing and painting the exterior of the building.[2] We find no abuse of the trial court's determination of these facts. Nor do we find any error in the conclusion that the appellant failed to establish lessor's breach of the lease essential to its legal right to the relief sought in the reconventional demand.
LSA-C.C. art. 2712 clearly provides that "the lessee may be expelled from the property if he fails to pay the rent when it becomes due." Our Supreme Court has decreed that the failure of a lessor to accomplish necessary repairs is not justification for the lessee's refusal to pay rents when due. Mullen v. Kerlec, 115 La. 783, 40 So. 46 (1905).
*712 Rather, there are two remedies available to the aggrieved lessee. Under LSA-C.C. art. 2694 if, after being put on notice, the lessor refuses or neglects to make repairs, "* * * the lessee may himself cause them to be made, and deduct the price from the rent due, on proving that the repairs were indispensable, and that the price which he has paid was just and reasonable." Alternatively, the lessee may sue for cancellation of lease on the authority of LSA-C.C. art. 2729. The jurisprudence has consistently recognized these courses of action which have recently been reaffirmed in Reed v. Classified Parking System, 232 So.2d 103 (La.App.2d Cir. 1970).
In the instant case, LASSCO withheld rents for some seven months without formally putting Bruno on notice or attempting to procure the alleged necessary repairs itself. It therefore follows that the failure of the lessee to pay the rental or to avail itself of the rights granted by LSA-C.C. arts. 2694 or 2729 constituted a breach of the lease. Under the codal provisions and jurisprudence cited above, the judgments of eviction and for delinquent rental were clearly correct.
Regarding appellant's reconventional demand for the cost of remodeling, the lease specifically provides that "all improvements [by the lessee], except movable trade fixtures, shall remain the property of the Lessor." Thus, under the express terms of the lease, the lessee could not recover the costs of remodeling consisting principally of realignment of office partitions, partial replacement of ceiling tiles, and carpeting, none of which constitute movable trade fixtures.
Nevertheless, LASSCO urges its right to reimbursements on the theory of unjust enrichment of plaintiff. The defendant contends that it undertook the remodeling only in consideration of a five-year lease, the advantages of which it was deprived by reason of Bruno's alleged breach. In this connection we note that this court in Leake v. Hardie, 245 So.2d 729 (1971), allowed the lessee to recover the proportionate cost of the value of the improvements made, where the lease was terminated long before its stipulated expiration date because of a breach by the lessor. However, in the present case the trial court found no breach by the lessor but concluded instead that the lessee was at fault. Thus the lessee's own breach of the contract by failing to pay the rental accelerated the termination of the lease and thereby deprived it of the use and enjoyment of improvements for the full five-year term of the lease.
Additionally it should be observed that the lessee was not required to make any alterations or improvements under the lease and therefore it cannot urge that the alterations made were contemplated by or formed part of the consideration for the contract of lease.
For the reasons above assigned, the judgment of the trial court is affirmed. Costs of this appeal are to be borne by the appellant, Louisiana School Supply Company, Inc.
Affirmed.
REDMANN, Judge (dissenting in part).
I concur in the award of rent of $2,625 and, on the ground that the amount of enhancement in value was not proven, the refusal of credit for lessee's improvements. But I would allow the lessee $250 damages for lessor's failure to paint the building exterior.
Plaintiff architect-owner-lessor was obliged by the lease to "paint the exterior". He painted very little of it because in his view its various components (brick on first floor, composition panels and decorative sun screens on the second) were not designed to be painted. In my opinion this was a continuing breach of the lease.
(I note that by trial he had in fact painted 15 of 17 panels. I further conclude the *713 preponderance of the evidence is that lessor breached by not effectively repairing the leaking roof. However, probably lessor could have repaired the roof and deducted cost. But this is probably not so as to painting the exterior, especially when the lease did not cover the entire building.)
However, even if the lessor had performed perfectly, the lessee still would have been unable to pay his rent and would have been evicted.
Nevertheless the lessee is due damages for the lessor's breach. Even if the obligation was only for gratification of "taste, or some convenience or other legal gratification, although these are not appreciated in money by the parties, yet damages are due for their breach * * *", C.C. art. 1934 subd. 3.
I would compensate lessee for lessor's apparently deliberate breach by a $250 reduction in the rent award.
NOTES
[1] Lease lines 38-40: "The Lessor agrees to maintain the building, heating and air condition system, plumbing and roof and no repairs shall be due Lessee."
[2] Lease lines 47-51: "* * * Lessor shall in consideration of the terms of this lease, repair and paint the exterior of this building but shall not be responsible for remodeling, painting or carpeting of the offices occupied by Lessee."