327 So.2d 558 (1976)
Ben J. SHEAR d/b/a Ajax of Louisiana
v.
Gabe CASTRINOS d/b/a Camp Inn Restaurant.
No. 7229.
Court of Appeal of Louisiana, Fourth Circuit.
February 10, 1976.
Rehearing Denied March 16, 1976.
*559 Stahl & Berke, Kenneth J. Berke, New Orleans, for plaintiff-appellee.
Aubrey E. Pate, Kenner, for defendantappellant.
Before GULOTTA, SCHOTT and BEER, JJ.
GULOTTA, Judge.
Defendant, a lessee of commercial refrigeration equipment, appeals from a judgment in favor of plaintiff-lessor on an open account in the sum of $2,280.00. In answer to the appeal, lessor seeks a $1,000.00 increase in the amount of the award. We amend the judgment in favor of plaintiff, increasing the amount owed by the sum of $1,000.00.
In July, 1962, plaintiff leased to defendant two ice machines at a monthly rental of $90.00. On May 1, 1963, the rent was increased to $100.00 per month and remained at that figure until August, 1973, the month the equipment was removed. Plaintiff's claim is for the unpaid balance owed for rental of the two ice machines from May, 1963, until August, 1973. According to plaintiff, the total rent charged from July, 1962 through August, 1973 was $13,180.00. During this same period of time, plaintiff contends $9,000.00 was credited to defendant's account, leaving a balance of $3,280.00.
The thrust of defendant's appeal is multi-faceted. It is defendant's contention 1) that plaintiff failed to carry the burden of proof required to establish the amount owed on the open account; 2) that plaintiff is not entitled to rental on the ice machine that was inoperative from December 1, 1971 through August, 1973, and since defendant has paid the rent owed on the other machine, no remaining rent is owed; 3) that plaintiff failed to notify defendant that the account was delinquent; and, 4) that plaintiff's suit has prescribed.
We find no merit to any of these contentions. In connection with defendant's argument relative to burden of proof, LSA-C.C. art. 2277 provides:
"All agreements relative to movable property, and all contracts for the payment of money, where the value does not exceed five hundred dollars, which are not reduced to writing, may be proved by any other competent evidence; such contracts or agreements, above five hundred dollars in value, must be proved at least by one credible witness, and other corroborating circumstances."
An examination of the record reveals that plaintiff's credit manager testified and identified exhibit invoices sent to defendant from July 5, 1962 through August 25, 1973. In addition to the testimony and invoices, a statement of the account showing the credits and debits was also introduced into evidence. This evidence is sufficient to satisfy the burden of proof requirements of LSA-C.C. art. 2277.
Once a prima facie case has been established by plaintiff, the burden devolves upon defendant to disprove the existence or correctness of the account, either in whole or in part. See Freiberg v. Rembert, 213 So.2d 104 (La.App. 1st Cir. 1968).
Defendant asserts that he has successfully discharged this burden by the introduction into evidence of checks, issued to plaintiff, showing payment in full for the rental of the machines. It is lessee's contention that notations placed on rent checks issued to plaintiff indicated the rental periods for which the checks were issued. According to defendant, when plaintiff deposited these checks to his account, he acknowledged that payment was made current to the months indicated on the checks. Defendant is, in effect, asserting the defense of accord and satisfaction.[1]
*560 We fail to find this defense applicable to the lessee in the instant case. It is well settled that, among others, a pre-existing well-defined dispute is an indispensable prerequisite to invoking the doctrine of accord and satisfaction. See Wilson v. Sun Oil Company, 290 So.2d 844 (La. 1974). The record does not contain evidence that plaintiff was aware of the existence of a dispute concerning the amount of rental owed prior to the date the machines were removed. Although the testimony shows that plaintiff telephoned defendant on several occasions in order to remind him of the delinquent rent, there is no evidence that defendant disputed these amounts at the time of notification. Furthermore, the only other evidence indicating that a dispute regarding payment existed was a letter dated August 31, 1973 (subsequent to the removal of the machines) and written by plaintiff's attorney to defendant's attorney. All of the checks introduced into evidence were cashed prior to the August 31, 1973 letter. Therefore, under the circumstances, we cannot say that when plaintiff-creditor cashed defendant's checks, he understood this to signify that defendant's account was being made current to the dates noted on the checks. See Antoine v. Elder Realty Company, 255 So.2d 625 (La.App. 3d Cir. 1971).
We reject further the claim by defendant that because one of the two ice machines became inoperative on December 1, 1971, and remained in that condition until removed in August, 1973, during which period defendant deducted $50.00 per month rental, defendant is not in arrears. Failure by a lessor to make necessary repairs is not justification for the lessee's refusal to pay rent when due. See Mullen v. Kerlec, 115 La. 783, 40 So. 46 (1905). In such instance, two remedies are available to the aggrieved lessee. Lessee may cause the repairs to be made and deduct the price from the rent due or he may sue for cancellation of the lease. See LSA-C.C. art. 2694, 2729. See also Bruno v. Louisiana School Supply Company, Inc., 274 So.2d 710 (La.App. 4th Cir. 1973); Degrey v. Fox, 205 So.2d 849 (La.App. 4th Cir. 1968). Neither of the two available remedies was pursued by defendant.
In addition, Gabe Castrinos, defendant and owner of the Camp Inn Restaurant, and James Castrinos, general manager of the restaurant, both testified that when one of the machines became inoperative on December 1, 1971, they simply stopped paying rental on that machine. James Castrinos testified further that he did call and advise plaintiff that the machine was malfunctioning. We note, however, that this witness did not furnish the date of the alleged notification nor the circumstances under which the notification was made. He did not specify whom he notified. This testimony of James Castrinos is not convincing, particularly in view of Gabe Castrinos's testimony that he did not notify plaintiff he was reducing the rental. Under the circumstances, we conclude defendant is not entitled to the deduction claimed by him.
Nor do we find merit to defendant's contention that he is exonerated from the payment of the amount claimed by plaintiff because of the lessor's failure to notify defendant that the account was in fact delinquent. Prior to suit, plaintiff sent defendant a letter, admittedly received by defendant, and dated May 31, 1972, which indicated that $2,524.17 was owed on defendant's account. In addition, numerous telephone calls were made by plaintiff to defendant regarding the latter's delinquent account.
We reject defendant's final contention that plaintiff's suit has prescribed. The three year prescriptive period for the balance due on an open account begins to run from the date of the last credit entry on that account. See LSA-C.C. art. 3538; Freiberg, supra. The account of debits and credits, introduced into evidence in the instant case, shows that the last payment accepted by plaintiff was made in August, 1972. Suit was filed on November 24, 1972. Clearly, the matter has not prescribed. *561 See Williams v. Plumb, 166 So. 896 (La.App. 2d Cir. 1936).
Finally, we address ourselves to the answer to the appeal in which plaintiff asserts that the trial judge erroneously awarded defendant a credit in the sum of $1,000.00, representing the period of time from December 1, 1971 through August, 1973, during which time one of the two ice machines had been inoperative. We are in agreement with plaintiff's claim that the trial judge erred in awarding defendant a credit. As stated hereinabove, if lessor failed to make the proper repairs after notification of the ice machine's malfunction, defendant's recourse was to repair the machine and deduct the cost of the repairs from the rent or to seek cancellation of the lease. Defendant is not entitled to a credit in the instant case. See Bruno v. Louisiana School Supply Company, Inc., supra, and Degrey v. Fox, supra. Plaintiff is entitled to recover an additional amount in the sum of $1,000.00 erroneously allowed as a credit to defendant.
Accordingly, the judgment in favor of plaintiff in the sum of $2,280.00 is amended and increased to the sum of $3,280.00. As amended, the judgment is affirmed.
Amended and affirmed.
NOTES
[1] Louisiana jurisprudence has adopted a common law concept of "accord and satisfaction". Three factors must be present for its application: 1) an unliquidated or disputed claim; 2) a tender by the debtor; and, 3) an acceptance of the tender by the creditor. Young v. White Stores, Inc., 269 So.2d 266 (La.App.3d Cir. 1972).