431 So.2d 29 (1983)
COMMERCIAL EQUIPMENT DISTRIBUTORS, INC.
v.
Mike ANDERSON, d/b/a Mike Anderson's Collegetown Seafood.
No. 82 CA 0527.
Court of Appeal of Louisiana, First Circuit.
April 5, 1983.
Rehearing Denied May 20, 1983.
Richard B. Nevils, Baton Rouge, for plaintiff-appellee, Commercial Equipment Distributors, Inc.
Lewis O. Unglesby, Baton Rouge, for defendant-appellant, Mike Anderson d/b/a Mike Anderson Collegetown Seafood.
Before PONDER, SAVOIE and CRAIN, JJ.
PONDER, Judge.
Defendant appealed the granting of judgment for the balance due on a lease agreement.
The sole issue is defendant's liability after he tendered the objects leased and stopped payments because of dissatisfaction.
We affirm.
It was stipulated that the parties entered into two lease agreements for three commercial microwave ovens to be used in defendant's restaurant. The amount owed, if judgment be rendered for the plaintiff, would be $4763.12.
Plaintiff, responsible for all repairs to the ovens, showed that five service calls were made before defendant quit making payments. Defendant told plaintiff's salesman to pick up the ovens because the restaurant had changed its cooking methods and he would pay no more installments. The matter was referred to plaintiff's attorney and the ovens were never picked up.
Defendant presented testimony that the repairmen did not come every time they were called, that there was adequate power for the ovens because the entire restaurant was rewired, that the microwaves could not cook in the volume the restaurant needed, and that he had problems with uneven and erratic cooking. The defendant had previously used smaller microwaves in the restaurant, but switched to the larger ones because he thought they would cook faster. He was never informed that turning the *30 food was necessary to avoid uneven cooking and did not remember if he had to turn the food while using the smaller ovens.
The trial judge noted that because of defendant's past use of microwaves, plaintiff's salesman thought defendant was happy with that method of cooking, but wanted to cook faster. Therefore, there was no question of the defendant relying on representations. Although there was testimony that defendant had problems with the ovens, the problems were mostly related to trying to cook too much food at one time. The trial judge did not believe that defendant was told the ovens would cook a large quantity of food in the same amount of time that they would cook one dish.
Defendant argues that because the ovens were not delivered or maintained in a condition to serve the use for which he intended to use them, the lease should not have been enforced.
A lesser is bound to deliver the thing in good condition and to maintain it in a condition such as to serve the use for which it was hired. La.C.C. arts. 2692(2) and 2693.[1] The failure of a lessor to accomplish the necessary repairs is not justification for the lessee's refusal to pay rents when due. Mullen v. Kerlec, 115 La. 783, 40 So. 46 (1905); Lassen v. Otalvaro, 391 So.2d 1378 (La.App. 4th Cir.1980). A lessee, in such a situation, has two available remedies. He may cause the repairs to be made and deduct the price from the rent due or he may sue for the cancellation of the lease. La.C.C. arts. 2694 and 2729.[2]Houma Oil Company, Inc. v. McKey, 395 So.2d 828 (La. App. 1st Cir.), writ denied, 401 So.2d 356 (La.1981); Shear v. Castrinos, 327 So.2d 558 (La.App. 4th Cir.1976); Bruno v. Louisiana School Supply Company, Inc., 274 So.2d 710 (La.App. 4th Cir.1973). Defendant did not pursue either remedy.
The case cited by defendant, Dehan v. Youree, 161 La. 806, 109 So. 498 (1926), is not applicable; it merely gives the lessee the right to vacate the premises and seek the annulment of a lease when the thing ceases to be fit for the purpose for which it was intended.
Defendant also argues that the trial judge erred in considering whether plaintiff's salesman misrepresented the ability of the ovens. However, the defendant alleged in his answer that the ovens' functions were misrepresented and presented evidence that he wanted ovens that would cook faster than the smaller microwaves, but could not recall telling the salesman the quantities of food he expected to prepare. The salesman acknowledged that he knew the defendant needed to cook faster, and that the suggested commercial microwave ovens would cook the same amount of food faster. The trial court made a factual finding that the plaintiff never represented that the commercial ovens would cook larger quantities of food in a shorter time than the smaller ovens. We cannot say that the factual finding was manifestly erroneous.
*31 For these reasons, the trial court's judgment is affirmed with costs assessed to the defendant.
AFFIRMED.
NOTES
[1] La.C.C. arts. 2692(2) and 2693:

Art. 2692.
The lessor is bound from the very nature of the contract, and without any clause to that effect:
* * * * * *
2. To maintain the thing in a condition such as to serve for the use for which it is hired.
* * * * * *
Art. 2693.
The lessor is bound to deliver the thing in good condition, and free from any repairs. He ought to make, during the continuance of the lease, all the repairs which may accidentally become necessary; except those which the tenant is bound to make, as hereafter directed.
[2] La.C.C. arts. 2694 and 2729:

Art. 2694.
If the lessor do not make the necessary repairs in the manner required in the preceding article, the lessee may call on him to make them. If he refuse or neglect to make them, the lessee may himself cause them to be made, and deduct the price from the rent due, on proving that the repairs were indispensable, and that the price which he has paid was just and reasonable.
Art. 2729:
The neglect of the lessor or lessee to fulfill his engagements, may also give cause for a dissolution of the lease, in the manner expressed concerning contracts in general, except that the judge can not order any delay of the dissolution.