LOBRANO, Judge.
This appeal questions the correctness of a trial court judgment which dismissed appellant’s suit to annul a default judgment rendered against her.
Margaret Spencer, plaintiff in the original suit, and defendant in the nullity proceedings (Spencer) obtained a default judgment against Mary Ann Carroll (Carroll) for rentals due under a contract of lease between the parties. That default judgment was not appealed. Carroll instituted the present proceedings under Code of Civil Procedure Article 2004 to nullify that judgment. The trial court ruled in favor of Spencer, and this appeal followed.
In June of 1985 Carroll and her father came to New Orleans to look for an apartment for Carroll. Because of the nature of her employment Carroll testified she only needed a six-month lease. After viewing an apartment owned by Spencer, Carroll decided to rent it and signed a lease. Her father allegedly witnessed the signing, and *617 according to the copy left with Carroll, line 4 of the printed lease form specified the term “six months”. All other references to dates were left blank on that copy.
A few days later, Carroll received an executed copy of the lease from Spencer which included the now filled in portion of line 7 which provided a term from June 20, 1985 to June 20, 1986. According to Carroll, Line 4 still specified “six months.” On October 24, 1985 Carroll made her last rental payment and informed Spencer she would be moving out. Spencer filed suit in First City Court seeking the remainder of the rent due under the lease. Carroll was personally served with the petition and citation on January 2, 1986. She failed to answer the suit, and default judgment was rendered on January 14, 1986.
Carroll asserts the default judgment was obtained by fraud or ill practices. Specifically she asserts that the lease term was to be six months, and not twelve. She argues that the copy of the lease attached to the petition served on her showed a line drawn through the “six months” on line 4, and that twelve months was inserted, whereas her copy did not contain those changes. This was the only difference in the copies.[1]
Spencer argues that all corrections to the original lease were done in Carroll’s presence, and agreed to by her prior to signing same. She disputes the fact that Carroll’s father was present when the lease was signed. She further asserts that Carroll was well aware of the lease provisions, and took no action to defend same. Carroll claims she attempted to get an attorney to represent her and assumed that the one she contacted had obtained an extension of time to plead. However, Carroll returned to her home in New York during the holidays and did not learn of the default judgment until her return to New Orleans when her wages were garnished.
Code of Civil Procedure Article 2004 provides:
“A final judgment obtained by fraud or ill practices may be annulled. An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.”
Although Article 607 of the Code of Practice, the source provision of the above cited article, contained illustrative examples of what constituted fraud or ill practice, the jurisprudence interpreting both articles remains unchanged. Johnson v. Jones-Journet, 320 So.2d 533 (La.1975). That jurisprudence provides the following criteria for determining if a judgment has been obtained by fraud or ill practices:
“(1) [T]he circumstances under which the judgment was rendered showed the deprivation of legal rights of the litigant seeking relief, and (2) the enforcement of the judgment would have been unconscionable and inequitable.” Johnson, supra, at 537.
A party seeking an annulment must demonstrate that he was prevented from asserting those defenses he may have had. He must show that the other party, by some fraud or ill practice deprived him of the opportunity to defend the lawsuit. Gramm v. Brock, 430 So.2d 199 (La.App. 2nd Cir.1983). It is well settled that the action provided by Article 2004 is not a substitute for an appeal. Smith v. Cajun Insulation, Inc,, 392 So.2d 398 (La.1980).
In Johnson v. Jones-Journet, supra, the party asserting the nullity of a default judgment rendered against him, claimed that he should not have been cast in solido on a promissory note. The Supreme Court dismissed the action, and we find the following language appropriate to the instant case:
“First, there is no allegation that defendant was deprived of any legal right; he had ample opportunity to appear and assert any defense he desired, either in the trial court or by appeal.”
* * * * * *
“Second, considering that defendant was personally served in the original suit and *618 afforded the opportunity to appear and urge that his liability was joint rather than in solido, it hardly seems unconscionable or inequitable to disallow his belated complaint that the judgment is contrary to law.” Johnson v. Jones-Journet, supra at 537.
Carroll’s argument in the instant case is, in actuality, an assertion that the trial judge (in the default proceedings) was in error in interpreting the lease as having a term of twelve months rather than six. When served with the petition, she was also served with a copy of the lease which contained the alterations that were purportedly different from her copy. There is no proof that Spencer tried to hide or conceal the fact that she was seeking rentals for twelve months, and not six. Carroll was not deprived of any legal rights. She could have contested the lease term either in the trial court or on appeal. Instead she seeks to use the nullity action as an appeal. The jurisprudence clearly prohibits this.
Carroll further argues that the source provision of Article 2004, namely Code of Practice Article 607, contained the illustrative examples of “bribery, forged documents and lost receipts.” The omission of these illustrations in Article 2004, she asserts, does not change the previous jurisprudence, and therefore the “forged” lease should support a judgment of nullity. We disagree.
The lease in question contains an alteration from its printed form. This is the only alleged discrepancy from the copies received by Carroll. Spencer claims the copies she gave Carroll showed the 12 month term which coincided with the dates June 20, 1985 to June 20, 1986. Carroll knew at the time she was served with the petition that the claim against her was for twelve months rent. A copy of the “altered” lease was attached to the petition. Under these circumstances we do not consider the lease a “forged” document as contemplated by prior Code of Practice Article 607, or comment (b) of Code of Civil Procedure Article 2004. Carroll was not deprived of her right to contest the lease term.
We do find, however, that enforcement of the attorney fee award would be unconscionable and inequitable. The default judgment provided for attorney fees in the amount of 33V3% of the principal.[2] These contractual fees are subject to the defense of being clearly excessive. Central Progressive Bank v. Sherry Wyatt Bradley, 502 So.2d 1017 (La.Sup.Ct.1987); Leenerts Farms, Inc. v. Rogers, 421 So.2d 216 (La.1982); Gibson v. Burns, 505 So.2d 66 (La.App. 4th Cir.1987). They must be supported by the evidence, and the record of the default proceedings shows there was no such evidence.[3]
Article 2004 is not limited to cases of actual fraud or intentional wrong doings, “... but is sufficiently broad to encompass all situations wherein a judgment is rendered through some improper practice or procedure which operates, even innocently, to deprive the party ... of some legal right, and where enforcement of the judgment would be unconscionable and inequitable.” Kem Search, Inc. v. Sheffield, 434 So.2d 1067 (La.1983), at 1070.
In Kem Search, supra our Supreme Court, concluded, inter alia, that it would be unconscionable to enforce a default judgment awarding attorney fees in an open account suit where there was no proof the debtor received the written demand required by La.R.S. 9:2781. We likewise conclude that enforcement of that portion of the judgment in this case awarding 3373% attorney fees, without any evidence to substantiate that amount, would be inequitable. Lennerts Farms, Inc., supra, and its progeny have clearly established the judiciary’s right to inquire into the exces-siveness of attorney fees even where there exists a contract for a specified amount.
For the above and foregoing reasons, we affirm that portion of the trial court judg *619 ment which upholds the principal and interest award of the default judgment. We reverse the trial court judgment insofar as it upholds the attorney fee portion of the default judgment, and remand for further proceedings.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

. As previously stated the copy Carroll received a few days after she executed the lease did have a term date of June 20, 1985 to June 20, 1986.

. The judgment was in the principal sum of $3,645.00, plus interest and costs, plus 33½% of that amount as attorney fees.

. The record shows that the default proceedings were not transcribed. The only evidence in support of the attorney fees is the contractual agreement of 33 ½%.