532 So.2d 826 (1988)
Regina E. KEEVER
v.
Arlene KNIGHTEN, Kenneth Slack and Yada Magee.
No. 88-CA-0455.
Court of Appeal of Louisiana, Fourth Circuit.
September 29, 1988.
Writ Denied December 2, 1988.
Jerry W. Sullivan of Halpern and Daigle, Metairie, for appellant.
Cassandra A. Simms, Baton Rouge, for appellees.
Before BARRY, CIACCIO and WARD, JJ.
CIACCIO, Judge.
Seeking an increase in her award, plaintiff-lessor appeals a judgment of $2,052.19 in her favor against defendants-lessees for unpaid rent due under their lease. The district court judgment awards plaintiff a "net" amount which the district judge calculated by subtracting from rent arrearages amounts he awarded defendants on their reconventional demand for return of deposits and damages. We amend to increase the award in favor of plaintiff, and affirm the judgment as amended.
In a building she owned, plaintiff leased to defendants space to be used as law offices. The lease term was from December 1, 1984, through November 30, 1987. Rent was $1,100 per month for the first year, $1,155 per month for the second year, and $1,215 per month for the third year. Lessees were also to pay for utilities. *827 By the end of May 1986 rent arrearages and unpaid utility bills totalled $7,042. Lessees abandoned the property and failed to pay rent for the remainder of the lease term. By using the offices for storage purposes, lessor took possession of the abandoned premises in August of 1987.
In July 1986 lessor sued lessees for rent arrearages, unpaid utility bills, accelerated rent for the remainder of the lease term, and 25% attorney's fees, all as provided for in the lease. Lessees answered claiming credit due for deposits made and reconvened for damages allegedly attributable to lessor's failure to repair an inoperative air conditioning unit which had ceased to function in February of 1986 and caused the offices to be unbearably hot. The trial occurred in December 1987.
At trial the parties stipulated to the lease and the amount of rent arrearages as of the end of May 1986. Evidence established the amounts of the deposits made and the utility bills. Lessees continued to claim damages for emotional disturbance and discomfort, humiliation, and loss of convenience and business.
In the trial court and in this court the parties argue over who, lessor or lessees, was responsible for repairing the air conditioning system. Lessor relies on the following language from the lease to argue that lessees were responsible for repairing the air conditioning system:
From Paragraph 11,
Lessor, without charge ... will furnish such heat and air conditioning for the leased premises as may reasonably be required for the comfortable occupancy and use thereof; Lessor shall not be liable by abatement of rent or otherwise for failure to furnish or delay in furnishing such heat and air conditioning ... or any other service which lessor may be obligated to furnish when such failure to furnish or delay in furnishing is occasioned by need for repairs, replacements or improvements, ... or by any cause beyond the reasonable control of the lessor. (emphasis supplied by lessor.)
From Paragraph 4,
Lessor shall maintain the roof of the building in good order and repair, but shall not be required to make any other repairs or replacements to the leased premises, except those necessary by fire or other perils which would be covered by fire and extended coverage insurance. Lessee, shall, at lessee's expense and within a reasonable period of time, make any and all repairs and replacements of whatsoever nature or character that may become necessary to the leased premises during the term of the lease other than those hereinabove required to be made by the lessor. (emphasis supplied by lessor.)
Lessees rely on the following language from the lease to argue that lessor was responsible for repairing the air conditioning system:
From Paragraph 11,

Lessor, without charge, will at all times furnish water for use in the fixtures of the Building ... will furnish such heat and air conditioning for the leased premises as may reasonably be required for the comfortable occupancy and use thereof.... (emphasis supplied by lessees.)
We find, however, no need for us to unravel the apparently inconsistently intertwined provisions of this lease. If lessees bore the responsibility, then their failure to pay rent and their abandonment of the premises was improper. And if lessor bore the responsibility, lessee's "self-help" remedy of failing to pay rent and abandoning the property was improper.
The failure of a lessor to accomplish necessary repairs is not justification for the lessee's refusal to pay rents when due. A lessee in such a situation has two available remedies: under La.C.C.Art. 2694 if, after being put on notice, the lessor refuses or neglects to make repairs, the lessee may cause them to be made and deduct the price from the rent due, on proving that the repairs were indispensable and that the price paid was just and reasonable; or, under La.C.C. Art. 2729 the lessee may sue for cancellation of the lease. Mullen v. Kerlec, 115 La. 783, 40 So. 46 (1905); Commercial *828 Equipment Distributors v. Anderson, 431 So.2d 29 (La.App. 1st Cir. 1983); Lassen v. Otalvaro, 391 So.2d 1378 (La.App. 4th Cir.1980); Shear v. Castrinos, 327 So.2d 558 (La.App. 4th Cir.1976); Bruno v. Louisiana School Supply Company, Inc., 274 So.2d 710 (La.App. 4th Cir.1973). Lessees did not pursue either available remedy, but claim a remedy that the law does not afford them.
Lessor is entitled to all sums due under the lease. Lessees are entitled to credit for deposits made.[1] Lessor may not recover, however, for any sums due under the lease after August 1987 when she took possession of the abandoned premises and used them for her own purposes. See Richard v. Broussard, 495 So.2d 1291 (La. 1986). Nor will we allow lessees to recover for emotional disturbance and discomfort, humiliation or loss of convenience, which damages, if any, were caused by lessees' failure to pursue appropriate remedies; for the same reason and because we find no proof to support the claim, we do not allow recovery for any claim of loss of business.
Lessor, therefore, is entitled to recover the following amounts:

Rent arrearages and unpaid
utility bills through May
1986, found by the trial
judge to total $ 7,042.00
Unpaid rent from June 1986
through July 1987 (excluding
from August 1987 through
the end of the lease term because
lessor took possession
of the premises for her own
purposes)
June 1986 through November
1986 6 months times
$1,155 per month 6,930.00
December 1986 through July
1987 8 months times $1,215
per month 9,720.00
 _________
Total amounts due under
lease $23,692.00

Lessees are entitled to credit for the deposits they made, which the trial court found to be: $1,100 security deposit to lessor; $534.81 deposit plus interest to NOPSI account in lessor's name; $250 utility deposit to lessor; for a total credit on deposits of $1,884.81.
Thus the amount owed by lessees to lessor is $23,692.00 minus $1,884.81, or $21,808.19.
Accordingly, we amend the judgment in favor of plaintiff to increase the award to $21,808.19, plus legal interest from the date of judicial demand until paid, and all costs of these proceedings. We also amend the judgment to include an award of attorney's fees. Paragraph 32 of the lease provides that if lessor must employ an attorney to enforce payment of rent due, lessee shall pay lessor's attorney's fees, fixed by the lease at 25% of the amount of rent due. The rent due (which is less than the total amount due given above because it does not include utility costs) is $19,515.19.[2] 25% of this amount is $4,878.80. Even when attorney's fees are fixed by contract or by statute, however, the court may inquire into the reasonableness of the fee. Central Progressive Bank v. Bradley, 502 So.2d 1017 (La.1987); Leenerts Farms, Inc. v. Rogers, 421 So.2d 216 (La.1982); Spencer v. Carroll, 506 So. 2d 616 (La.App. 4th Cir.1987); Gibson v. Burns, 505 So.2d 66 (La.App. 4th Cir.1987). We find that $4,878.80 would be an excessive fee, and instead award $2,500.00 as attorney's fees, which we find reasonable in this case.
As amended, therefore, the judgment awards plaintiff-lessor $21,808.19 plus legal interest from date of judicial demand until paid, plus all costs of these proceedings, *829 and $2,500.00 as attorney's fees. The judgment is against defendants-lessees, jointly and in solido. As amended, the judgment is affirmed.
AMENDED AND AFFIRMED.
NOTES
[1] Lessor does not argue that by abandoning the premises lessees have relinquished their right to return of their secutrity deposit under La.R.S. 9:3251(C). See Borne v. Wilander, 509 So.2d 572 (La.App. 3d Cir.1987).
[2] $ 4,725.00 rent arrearages, as stipulated,
 through May 1986.
 $ 6,930.00 rent due for June 1986 through
 November 1986.
 + 9,720.00 rent due for December 1986
 through July 1987.
 __________
 $21,400.00
 -1,884.81 credit for deposits made.
 __________
 $19,515.19 total rent due.