GRISBAUM, Judge.
INTRODUCTION
This appeal concerns the granting of a motion for summary judgment in favor of *75 the defendant-landlord in a landlord-tenant/personal injury action. We affirm. ISSUES
We are called upon to determine whether there exists issues of material fact which would demonstrate a cause of action and whether the defendant was entitled to judgment as a matter of law.
FACTS
David Kraus, defendant-appellee, was the owner of a townhouse which he leased to Glen Lucas and his family, plaintiff-appellants herein. This case arises out of an accident which occurred when a car driven by Vincentine Acker struck and damaged the leased premises. The collision occurred on the evening of March 1, 1986, a night with near freezing temperatures. At that time, Mr. Lucas and his family were in the dwelling. Thereafter, Mr. Lucas notified Kraus of the accident and Kraus sent a maintenance worker to inspect the premises. The worker did not perform any repairs that night. However, at about 9:00 a.m. the following day, a Sunday, Kraus personally inspected the damage and sent a working crew to clean the debris, shored the front of the premises and enclosed it with plywood.
As a result of this collision, the plaintiffs filed suit against both Ms. Acker and Mr. Kraus. Mr. Lucas claims he was injured when the collision occurred and subsequently between 1:00 and 2:00 a.m. the following morning when he fell on debris from the accident while trying to hang a blanket over a hole in the front of the townhouse. Additionally, he and his family claim various damages from the accident and from having to live in the townhouse in its damaged condition and in the cold weather. The plaintiffs base their claim against Kraus on theories of lessor-lessee rights and obligations, strict liability, and negligence, claiming, inter alia, that Kraus failed to clean up the debris promptly, failed to properly safeguard the premises and failed to offer them an alternative place to live.
In response to the plaintiffs’ allegations, Kraus filed a motion for summary judgment. After examining the record and the affidavits submitted on behalf of the motion and after hearing argument of counsel, the trial court rendered judgment in favor of Kraus.
ANALYSIS
The mechanism of summary judgment has been succinctly summarized by this Court in Toups v. Hawkins, 518 So.2d 1077 (La.App. 5th Cir.1987). As is obvious from the rationale of summary judgment principles, any decision as to the propriety of a grant of the motion must be made with reference to the substantive law applicable to the case. Therefore, each theory upon which the plaintiffs base their claim must be viewed in the context of the applicable substantive law.

Lessor Liability

A lessor is bound to deliver the thing in good condition and to maintain it in a condition such as to serve the use for which it was hired. La.C.C. arts. 2692(2) and 2693. Where a lessor fails to accomplish necessary repairs,' a lessee has two available remedies: (1) if, after being put on notice, the lessor refuses or neglects to make repairs, the lessee may cause them to be made and deduct the price from the rent due; or (2) he may sue for cancellation of the lease. La.C.C. arts. 2694 and 2729; Keever v. Knighten, 532 So.2d 826, 827 (La.App. 4th Cir.1988), writ denied 533 So.2d 381 (La.1988). Absent specific contractual provisions, no other legal duties are imposed nor other rights afforded to the parties solely by virtue of the lease contract.
In the instant case, there is no question that the plaintiffs failed to pursue either available contractual remedy. Thus, there is no genuine issue of material fact with regard to this theory of recovery.

Strict Liability

La.C.C. art. 2317 provides:
We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications.
*76 La.C.C. art. 2322 which further defines the application of article 2317’s general principle to the owner of a building provides:
The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice in its original construction.
The Louisiana Supreme Court has repeatedly delineated the burden of proof under these articles. See Thomas v. Missouri Pacific R.R. Co., 466 So.2d 1280 (La.1985); Entrevia v. Hood, 427 So.2d 1146 (La.1983); Olsen v. Shell Oil Company, 365 So.2d 1285 (La.1979). In order to recover in strict liability against the owner of a building, the injured person must prove that the building or its appurtenances posed an unreasonable risk of injury to others and that his damage occurred through this risk. Upon proof of these elements, the owner is responsible for the damages, unless he proves that the damage was caused by the fault of the victim, by the fault of a third person, or by an irresistible force.
Here, even assuming that the building posed an unreasonable risk of harm which caused the plaintiffs’ injuries, it is undisputed that the damage was caused by the fault of a third person, Ms. Acker, when she drove her car into the building. Thus, we find no issues of fact material to recovery under strict liability.

Negligence

It is axiomatic that, where a risk is obvious, there is no duty to warn or protect against it. Leonard v. Albany Machine and Supply Co., 339 So.2d 458 (La.App. 1st Cir.1976), writ denied, 341 So.2d 419 (La.1977). Mr. Lucas and his family were undisputedly in the townhouse at the time of the accident and were clearly apprised of the existence of any risks posed as a result of the accident. Likewise, when Mr. Lucas tried to hang the blanket in the doorway, he was clearly aware of the obvious dangers inherent in climbing on a pile of unsettled debris. Any argument that Kraus had a duty to warn against such blatant risks is unfounded. Additionally, Kraus had no duty under the lease to provide alternative living quarters to the Lucas family nor do we discern any legal duty to do so. Therefore, we find no genuine issue of material fact relative to a claim in negligence.
In the final analysis, we find no legal theory upon which the plaintiffs can base a claim against Mr. Kraus. Accordingly, there is no genuine issue of material fact and the defendant, Mr. Kraus, is entitled to judgment as a matter of law.
CONCLUSION
For the reasons assigned, the judgment of the trial court is affirmed. All costs of this appeal are to be assessed against the appellant.
AFFIRMED.